UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 00-8368-CIV-MIDDLEBROOKS/BANDSTRA

KATHLEEN KOSZOLA,

Plaintiff,

v.

COMCAST CABLEVISION
OF WEST PALM BEACH, INC.,
d/b/a COMCAST CABLE,

Defendant.
_______________________________/

FILED by JV D.C.
AUG 18 2000
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

**AGREED CONFIDENTIALITY AND PROTECTIVE ORDER**

THIS ACTION came before the Court upon the parties' Agreed Motion for Confidentiality and Protective Order.

The parties having acknowledged that discovery in the above-entitled action may involve the production or disclosure of confidential financial or business information or employment information; and the parties having agreed to facilitate the disclosure of such confidential information to the extent necessary for the purposes of this litigation, but to otherwise preserve the confidentiality of such information; the Court having reviewed the Motion and all submissions by counsel, being otherwise fully advised in the premises, and having found that good cause exists for the entry of this Agreed Confidentiality and Protective Order pursuant to Federal Rule of Civil Procedure 26(c),



15/dc

IT IS HEREBY ORDERED AND ADJUDGED that:

1. All Confidential Information, as defined in paragraph 2 herein, and information derived therefrom, shall be used by the parties hereto solely for purposes of preparing for and conducting the above-captioned action ("Action") as authorized herein or in any subsequent Order of the Court, and not for any other purpose, including, without limitation, commercial purposes or other judicial or administrative proceedings. No person to whom Confidential Information is disclosed hereunder may disclose such information to anyone else except as authorized by this Order or subsequent Order of the Court. Nothing herein shall preclude a party who designates information produced or revealed by that party as Confidential Information from using that information for any purpose or disclosing that information to any person.

2. "Confidential Information" shall mean any information produced or otherwise revealed in discovery in this Action that is designated in good faith as such by a party using the procedure set forth in paragraph 3 herein. A party's designation of information as "confidential" shall not constitute a stipulation or concession by the parties that such information is, in fact, protected from discovery or use as evidence in this or any other proceeding. Accordingly, either party may at any time seek the Court's ruling on the claimed confidential or privileged nature of any information designated as "confidential" and use the information in accordance with the Court's ruling.

3. A party producing documents may designate any document or group of documents as containing Confidential Information by stamping the words "Confidential Information," directly on the face of the copy of the document or group of documents, or by otherwise designating the document or group of documents as containing Confidential Information in a writing delivered to counsel. Answers to specific interrogatories propounded in this case may be designated as containing Confidential Information, by a written notation following the Answer. Portions of deposition testimony may be designated as containing Confidential Information at the time of the taking of the deposition, by indicating on the record the beginning and end of the testimony including such Confidential Information. The failure of a party to designate information as Confidential Information at the time of disclosure shall not preclude a party from doing so in good faith thereafter, provided, however, that no disclosure of such information that was made in good faith by another party before such late notification shall constitute a violation of this Order.

4. No Confidential Information shall be shown or otherwise disclosed to any person, without leave of Court, other than:

a. The Court.

b. The parties.

c. Attorneys and employees in the law firms appearing of record for the parties; in-house counsel, and other employees of the Defendant with a need to know.

d. Any expert witness, witness, or consultant (i) who is engaged to assist attorneys of record in the prosecution or defense of the Action, and (ii) who, before disclosure of any Confidential Information, signs an "Acknowledgment of Agreement to be Bound by Agreed Confidentiality and Protective Order" in the form annexed hereto as Exhibit 1 and delivers same to the attorneys of record who engaged the expert witness or consultant.

e. Witnesses while giving deposition testimony in this action from whom counsel seeks to elicit relevant testimony concerning Confidential Information.

f. Court personnel and stenographic reporters engaged in such proceedings as are necessarily incident to the preparation and/or trial of this Action.

5. In the event that Plaintiff's counsel intends to use or refer to any Confidential Information in a deposition, Plaintiff's counsel shall notify counsel for Defendant. All persons, except the party designating the testimony as Confidential Information or that party's designated representative and others who are qualified to receive Confidential Information under paragraph 4 of this Order, shall be excluded from the deposition room during the taking of any testimony so designated.

6. Confidential Information shall not be copied or reproduced except to the extent that such copying or reproduction is reasonably necessary to conduct this Action, and all such copies or reproductions shall be subject to the terms of this Agreement.

7. In the event that any person in receipt of Confidential Information shall receive a written or oral request, subpoena, or court order seeking disclosure of another party' s

Confidential Information, such person shall immediately upon receipt of such request, subpoena, or court order, notify counsel for the producing party and, in the case of non-party documents, counsel for non-parties, of the request, subpoena, or court order and shall provide a copy of same.

8. Nothing herein shall prevent a party from using or disclosing its own documents or information. Nothing herein shall operate as an admission by any party that any particular document is, or is not, admissible in evidence at the trial of this action.

9. The issue of the use of Confidential Information at trial shall be dealt with before trial.

10. This Order may be modified by the Court on Motion by any party or by stipulation of all parties approved by the Court. This Order shall, unless so modified, continue in full force and effect subsequent to the final termination of this Action.

11. Upon final termination of this Action, including any appeals, all counsel shall, within sixty (60) days, assemble and return all copies of documents containing Confidential Information to the attorneys of record for the party who designated the same as containing Confidential Information and shall destroy those portions of any other documents that incorporate Confidential Information. At the same time, the attorneys of record who disclosed Confidential Information to expert witnesses or consultants shall deliver to the attorneys of record who designated information as Confidential Information copies of all the Acknowledgments obtained pursuant to paragraph 4(c) herein.

12. In addition to any remedy a party may have for any breach of this Agreed Confidentiality and Protective Order, the same may be punishable against a party by an award of damages or such other relief the Court may deem just and proper, and each person agreeing to be bound by this Agreed Confidentiality and Protective Order thereby consents to the jurisdiction of this court over his or her person for enforcement of the terms hereof, and agrees that the same may be punishable as a contempt of Court.

DONE AND ORDERED in Miami, Florida, on this 17th day of August, 2000.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**

Cathleen Scott, Esquire
William R. Radford, Esquire